New Jersey Department of Labor,
Workmen's Compensation Bureau.

MOE KUPFERMAN, PETITIONER, v. ART COLOR PRINTING
COMPANY, RESPONDENT.

Decided February 24, 1939.

For the petitioner, *Charles E. Stalter* and *Samuel Doane.*

For the respondent, *Walter W. Hubley, Jr.,* and *George E. Meredith.*

The formal petition in this case alleged that the petitioner suffered an accident on December 30th, 1937, at which time the petitioner, a linotype operator, alleged he suffered an injury to his cardiac system, as a result of a strain, while lifting and carrying certain galleys or trays of type. The formal petition further alleged that the petitioner is totally and permanently disabled as a result of his present condition.

In addition to the petitioner several lay witnesses were called on behalf of the petitioner. The petitioner called as his medical witnesses Dr. T. D. Spritzer, the treating physician in this case, Dr. Francis R. Meyers and Dr. J. Yaeger.

Various X-rays and electro cardiograms were offered into evidence on behalf of the petitioner.

The respondent called various lay witnesses, and also called Dr. A. E. Jaffin, Dr. Aaron Parsonnet and Dr. A. C. Ruoff.

The records of St. Peter's Hospital, New Brunswick, New Jersey, were offered into evidence by the respondent.

After careful consideration of the evidence presented in this matter, as well as the exhibits offered into evidence, and the

testimony of the various witnesses, I am of the opinion that the petition filed in this case must be dismissed, for three reasons.

The first of these reasons for the dismissal of the petition is that the petitioner has failed to sustain the burden of proving that the respondent had knowledge of the injury alleged within the ninety-day period required by the Workmen's Compensation act. There was no allegation that there was any written notice served on the respondent or its representative. There is no proof that there was any knowledge of injury furnished the respondent either directly or by way of inference. There were no facts presented by which it could be inferred that the respondent ever obtained knowledge of the injury within the requisite time. It appears from the testimony in this case that the petitioner, after carrying two double-column galleys of type, which weighed between twenty and twenty-five pounds each, from his machine to a table, a distance of from six to thirty feet, according to the testimony, lifted the galleys to a table, which table was about hip high, and during this lifting act, or immediately following same, felt a sharp pain in the region of his heart. The testimony is ample to the effect that following this occurrence the petitioner was observed by various people, and talked to various people at the place of employment, and several hours later was removed to Dr. Spritzer's office, from whence he was taken to St. Peter's Hospital, New Brunswick. It does not appear from any of the witnesses produced by the petitioner that at any time during the course of the evening in which the occurrence happened did the petitioner make any complaints to anyone connected with the respondent, of any nature, other than that he felt sick or ill. After being confined to the hospital for a matter of some days the petitioner returned to his place of employment and worked several days at short intervals; placed himself under the care of his own physician; was in contact with co-workers and superiors at his place of employment. At no time did the petitioner make any claim that his physical condition was the result of injury, or of any occurrence arising out of his employment. To the contrary the petitioner made no claims and obligated himself

for his own medical expenses and, as a matter of fact, paid for same. I am of the opinion that the petitioner presented no satisfactory proof, if it can be considered that any proof at all was presented, to warrant this court finding that the proper notice within the time required by the Workmen's Compensation act was furnished the respondent. Testimony adduced by the respondent was to the contrary, and of greater weight than any testimony presented by the petitioner.

My second reason for dismissing the petition in this case is that the petitioner has failed to sustain the burden of proving that his present physical condition is the result of an accident arising out of and in the course of his employment. There is no question, from the testimony, that the petitioner in this case suffered from a coronary acclusion on December 30th, 1937. The burden is placed upon the petitioner to prove that this coronary occlusion resulted from an accident arising out of and in the course of his employment. It is alleged by the petitioner that he was put to an undue exertion while carying two double-column galleys of type, weighing from forty to fifty pounds, whereas he had been accustomed to carry one double-column galley of type weighing from twenty to twenty-five pounds. I do not feel that the act described can be classified as unusual exertion, particularly when it is taken into consideration, that, from the testimony, the petitioner was an apparently healthy individual, of good stature, and weighing around one hundred and ninety pounds. I do not feel that the petitioner has sustained the burden of proving any unusual exertion or unusual act, arising out of and in the course of his employment, to which his condition could be related.

I also feel that the petition in this case must be dismissed for failure of the petitioner to sustain the burden of proving that his physical condition is resultant from any unusual occurrence or strain in connection with his employment. I feel that the weight of medical testimony in this case was presented by the respondent. The doctors produced by the petitioner testified that the petitioner was suffering from a coronary occlusion, which condition comes about when a clot is formed in the coronary vessel, completely shutting off the

blood supply. These doctors further testified that they felt that the undue strain of lifting hereinbefore described could have brought about this condition. From the medical testimony presented by the respondent, which medical testimony this court feels is the more credible and satisfactory, it appears that exertion or effort on the part of an individual would produce an increase in blood pressure, and that the greater the increase in blood pressure the less likelihood of there occurring a coronary occlusion. In other words, a coronary occlusion is more apt to occur when an individual is at rest than when subjected to strain or effort, and the final shutting off of a blood vessel by clotting, causing an occlusion, is not in anyway related to effort or strain. It is to be noted that Dr. Yaeger, an expert called on behalf of the petitioner, testified that a coronary occlusion may come with or without unusual exertion.

Taking all of the testimony, exhibits and arguments of counsel into careful consideration, I, as hereinabove stated, find that the petitioner has failed to sustain the burden of proving that his present physical condition is the result of an accident arising out of and in the course of his employment; that the petitioner has failed to sustain the burden of proving that his present physical condition could be related to an accident arising out of and in the course of his employment; that the petitioner has failed to sustain the burden of proving that his employer had notice of the alleged injury within that period of time as required by the Workmen's Compensation act; and that, therefore, the petition must be dismissed.

It is, therefore, on this 24th day of February, 1939, ordered and adjudged that the petition of the petitioner be and the same is hereby dismissed and judgment be entered in favor of the respondent.

CHARLES E. CORBIN,
*Deputy Commissioner.*